UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RANDY M. WHITE | * | CIVIL ACTION |
| VERSUS | * | NO. 22-3049 |
| ST. TAMMANY SHERIFF'S DEPARTMENT, ET AL. | * | SECTION "D" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Randy M. White's Motion to Compel Discovery, which is set for submission on Wednesday, September 27, 2023. ECF No. 36. No party filed a response to the motion. Having considered the record, the submission, and the applicable law, however, the Motion to Compel is DENIED WITHOUT PREJUDICE for the reasons stated herein.

### I.   FACTUAL BACKGROUND

This is a § 1983 excessive force case. Plaintiff has filed a Motion to Compel seeking production of video surveillance evidence, presumably in possession of the St. Tammany Parish Sheriff's Office. ECF No. 36. Plaintiff does not indicate, however, whether he issued a Rule 34 Request for Production or a Rule 45 Subpoena Duces Tecum to the custodian of the video surveillance evidence.

### II.   APPLICABLE LAW AND ANALYSIS

Discovery in civil cases is governed by the Federal Rules of Civil Procedure, specifically Rules 26 through 37 and 45. Pursuant to Rule 26(d), a party may generally not seek discovery from any source until after the parties have conferred as required by Rule 26(f). FED. R. CIV. P. 26(d)(1). Further, before seeking court assistance with discovery, Plaintiff must present the discovery directly to the appropriate party or entity, in accordance with Rules 34 and/or 45 of the

1

Federal Rules of Civil Procedure.[1] In addition, before filing a Motion to Compel, Rule 37(a)(1) requires the movant to establish or certify that he conferred or attempted to confer with opposing counsel before seeking the Court's assistance with discovery.

The fact that Plaintiff is proceeding *pro se* and *in forma pauperis* does not relieve him of the obligation to comply with the governing rules addressing the proper means of obtaining discovery.[2]

Plaintiff has not established that the custodian of video surveillance has failed to respond after being served with an appropriate discovery request. Accordingly,

**IT IS ORDERED** that Plaintiff's Motions to Compel Discovery (ECF No. 36) is **DENIED WITHOUT PREJUDICE** to the right to re-file same after appropriately seeking to obtain the documents from the party in possession of same.

New Orleans, Louisiana, this ___27th___ day of September, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[1] *Maloney v. St. Farm Fire & Cas., Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Feb. 20, 2015) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (*pro se* litigants are not exempt from complying with the procedural and substantive rules of law).

[2] *See, e.g., Badman v. Stark*, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991). The *Badman* case is informative where the court noted: "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules." *Badman*, 139 F.R.D. at 605. Plaintiff here has made no provision for the costs of obtaining this discovery should the items be sought from a non-party. *Id*.